UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-21746-CIV-MORENO

NATIONAL EQUESTRIAN LEAGUE, LLC
and JUMPING CLASH, S.L.,

       Plaintiffs,

vs.

KEEAN WHITE, ANGELSTONE FARMS,
INC., MORRISEY MANAGEMENT GROUP,
LLC, and MAJOR LEAGUE SHOW
JUMPING LLC,

       Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion to Dismiss Counterclaim, filed on **July 23, 2021**. The Magistrate Judge filed a Report and Recommendation **(D.E. 138)** on **October 26, 2021**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Jonathan Goodman's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the motion to dismiss is DENIED and the Plaintiffs shall file an answer to the counterclaim by no later than **December 21, 2021**.

The Report and Recommendation recommends denying the Plaintiffs' motion to dismiss the counterclaim. Plaintiffs filed a limited objection to the Report's recommendation that the motion be denied as to the Defendants' tortious interference claim against Plaintiff JumpingClash, S.I. The claim alleges that Plaintiff JumpingClash tortiously interfered with a Collaboration Agreement between Defendant Angelstone Farms, Inc. and Plaintiff National Equestrian League. Plaintiff JumpingClash asserts that it is the controlling interest holder in National Equestrian League, such that it is also a party to the Collaboration Agreement and therefore, cannot be liable for tortious interference with a contract to which it is essentially a party. The Report finds that Defendant Angelstone sufficiently pled a claim for tortious interference because there is a factual dispute as to JumpingClash's relationship with the National Equestrian League and whether by virtue of that relationship, it is also a party to the Collaboration Agreement.

Plaintiffs' limited objection argues that the Defendants' Answers and Counterclaims, themselves, establish that JumpingClash is a controlling owner of National Equestrian League. The allegations in the counterclaim are that National "refused to pay Angelstone" based on an email from a JumpingClash advisor James Whisenand. Plaintiffs also cite to other statements in the counterclaim where individual Defendants met with the National Equestrian League and JumpingClash representatives when creating the equestrian league. Plaintiffs also cite to the Affirmative Defenses, which Plaintiffs claim treat JumpingClash and National Equestrian League as one in the same. Plaintiffs rely on affirmative defense number 6, which states that JumpingClash waived its interests in the copyrightable materials when it "abandoned the National Equestrian League project in December 2019." Affirmative Defense Number 10 asserts that Plaintiffs' claims of breach of contract are barred "to the extent that Plaintiffs breached the

agreements first[.]" Affirmative Defense number 12 states that Plaintiffs' claim of breach of contract is barred because Plaintiffs "fail[ed] to provide Defendants with the necessary approvals or paperwork to perform under the agreement(s) and/or by abandoning the National Equestrian League project in December 2019." Plaintiffs claim these defenses show that Defendants treat Plaintiffs as one in the same, and therefore, they cannot state a tortious interference claim.

The Report found these allegations insufficient to recommend dismissal of the tortious interference claim because the issue is a factual one best reserved for summary judgment or trial. The Court agrees with the Report's recommendation. The Court will revisit the issue at summary judgment to determine whether JumpingClash is a party to the Collaboration Agreement by virtue of its affiliation with National Equestrian League and whether a tortious interference claim can survive summary judgment. It is also

**ADJUDGED** that the motion to strike the affirmative defenses is DENIED for the reasons stated in the Report and Recommendation.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th of December 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Jonathan Goodman

Counsel of Record